# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **AMADOR FRAIRE-GONZALEZ**, | § | |
| **Fed. Reg. No. 96455-011,** | § | |
| **Movant,** | § | **EP-08-CV-0325-KC** |
| | § | **EP-06-CR-1701-KC** |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Amador Fraire-Gonzalez's ("Fraire") *pro se* motion under 28
U.S.C. § 2255 to vacate, set aside, or correct a sentence [Docket No. 34].[1]  Therein, Fraire
challenges his seventy-seven-month sentence for illegal reentry into the United States.  After
reviewing the record and for the reasons discussed below, the Court concludes that Fraire has
failed to establish his entitlement to § 2255 relief.  The Court will accordingly deny his motion
and dismiss his civil cause with prejudice.  It will additionally deny Fraire a certificate of
appealability.

## FACTUAL AND PROCEDURAL HISTORY

On August 21, 2006, an informant called Border Patrol Senior Patrol Agent Johnny
Cardenas and told him that he could find undocumented aliens in room 225 of the Super 8 Motel
in Anthony, Texas.  Agent Cardenas and Border Patrol Senior Patrol Agent Jonathan Benway
proceeded to the motel.  Agent Benway knocked on the door and an individual, later identified as
Fraire, answered.  The agents determined that Fraire was a citizen of Mexico and that he did not

---

[1]     "Docket" in this context refers to the criminal docket in cause number EP-06-
CR-1701-KC.

have any immigration documents to show that he was legally present in the United States. The agents took Fraire and two other men found in the room into custody and transported them to the Santa Teresa, New Mexico, Border Patrol Station for processing. A records check revealed that federal authorities had removed Fraire from the United States on three prior occasions and that Fraire had an extensive criminal history. The records also showed that Fraire had not received permission from the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States.

A grand jury sitting in the Western District of Texas, El Paso Division, indicted Fraire for unlawfully reentering the United States, in violation of 8 U.S.C. § 1326. Under 8 U.S.C. § 1326(a), the offense was punishable by a maximum term of two years of imprisonment and one year of supervised release. With the indictment, however, the Government filed notice that it would seek an increased penalty, pursuant to 8 U.S.C. § 1326(b)(2), based on a prior conviction and two-year sentence imposed by a California court for possession of marijuana for sale, in violation of California Health and Safety Code § 11351.[2] Section 1326(b)(2) triggered an increase in the statutory maximum imprisonment term from two to twenty years, and a corresponding increase in the statutory maximum supervised release term from one to three years.

Fraire elected to forego trial, appeared before the Court with his appointed counsel, and pleaded guilty to the indictment. The Court accepted Fraire's plea and referred his case to the United States Probation Office for a presentence report. In the report, a probation officer

---

[2]   Gov't's Resp. to Mot. to Vacate Ex. J (Abstract of Judgment, *State v. Gonzalez Fraire*, CR133129 (Cal. Super. Ct. San Diego County May 12, 1995)) [Docket No. 37].

recommended a sixteen level enhancement based on Vargas's prior conviction in California for a "drug trafficking offense."[3]  The probation officer also noted Fraire had prior convictions for voluntary manslaughter, possessing a controlled substance, vehicle theft, vandalism, exhibiting a firearm, carrying a concealed weapon, possessing a forged instrument, and illegal reentry.  After reviewing the presentence report, Fraire's counsel did not object to the characterization of Fraire's California conviction for possession of marijuana for sale as a drug trafficking offense or the inclusion of the sixteen level enhancement.  The Court accordingly determined that, under the advisory Sentencing Guidelines, Fraire had a total offense level of twenty, a criminal history category of VI, and an imprisonment range of seventy-seven to ninety-six months.[4]  The Court then sentenced Fraire at the bottom of the Sentencing Guidelines range to seventy-seven months' imprisonment followed by three years' non-reporting supervised release.

On appeal, Fraire argued that, because the indictment did not allege a prior conviction, the penalty for the offense to which he pleaded guilty was limited to imprisonment for two years and supervised release for one year.  Fraire acknowledged that his argument was foreclosed by *Almendarez-Torres v. United States*,[5] but, relying on the more recent decision in *Apprendi v. New Jersey*,[6] raised the argument to preserve it for possible Supreme Court review.  In an unpublished opinion, the Fifth Circuit Court of Appeals explained that 8 U.S.C. § 1326(b)(2) was a penalty

---

[3]     *Id*. Ex. F, p. 3 (Presentence Investigation Report).

[4]     *Id*. Ex. E, pp. 7-8 (Sentencing Tr.).

[5]     523 U.S. 224, 235 (1998) ("In sum, we believe that Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate criminal offense.").

[6]     530 U.S. 466, 487 (2000) (suggesting that *Almendarez-Torres* represents "at best an exceptional departure from the historic practice").

provision, not a separate criminal offense, and affirmed the Court's judgment.[7]

Mindful of Fraire's *pro se* status, the Court has liberally read his instant § 2255 motion.[8] The Court understands him to assert three grounds for relief.  First, he claims his sentence exceeded the maximum permissible penalty.  Second, he maintains the sentencing factors in 18 U.S.C. § 3553(a) warranted a lower sentence.  Third, he asserts his counsel provided ineffective assistance due to the cumulative effect of failing to (1) object to the sixteen-level enhancement, (2) raise an effective argument for a lesser sentence based on his inability to receive a downward adjustment under a "fast track" program,[9] or (3) obtain a variance under § 3553.

**LEGAL STANDARD**

*A.      28 U.S.C. § 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[10] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and

---

[7]      *United States v. Fraire-Gonzalez*, 253 F.App'x 422 (5th. Cir. 2007) (unpublished), *cert. denied, Bat v. United States*, 552 U.S. 1272 (2008).

[8]      *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

[9]      U.S. SENTENCING GUIDELINES MANUAL § 5K3.1 (2006) ("Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.").

[10]     *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

would, if condoned, result in a complete miscarriage of justice.'"[11]  Typically, before a court will grant relief pursuant to § 2255, the movant must establish: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[12]

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal.[13]  When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted.[14]  The cause-and-actual-prejudice standard is "significantly more rigorous than even the plain error standard . . . applied on direct appeal."[15]  If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence.[16]  This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those

---

[11]     *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*,    37 F.3d 1131, 1133 (5th Cir. 1994)).

[12]     *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[13]     *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991).

[14]     *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

[15]     *Gaudet*, 81 F.3d at 589.

[16]     *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

alleging ineffective assistance of counsel.[17]

###### B.    *Ineffective Assistance of Counsel*

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions.[18]  Moreover, "the right to counsel is the right to the effective assistance of counsel."[19]  "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal."[20]  To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) that his "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense."[21]  A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective.[22]

---

[17]       *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (stating that the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

[18]       U.S. CONST. amend. VI.

[19]       *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

[20]       *Gaudet*, 81 F.3d at 589 n.5.

[21]       *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review).

[22]       *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct.[23]  In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[24]  In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[25]  A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice.[26]  The test's prejudice prong requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[27]

With these principles in mind, the Court turns to the merits of Fraire's claims.

---

on one.").

[23]    *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

[24]    *Id*. at 687.

[25]    *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

[26]    *See id*. at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

[27]    *Id*. at 694.

# ANALYSIS

## A.    Maximum Sentence

Fraire asserts the Court erred when it imposed a sentence above the two-year statutory maximum in 8 U.S.C. § 1326(a).  The Fifth Circuit rejected this claim in its opinion affirming the Court's judgment.  It explained "that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense."[28]  "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."[29]  Accordingly, the Court will dismiss this claim without further consideration of its merits.

## B.    Sentencing Factors

Fraire also maintains the sentencing factors outlined in 18 U.S.C. § 3553(a) warranted a lower sentence.  By this claim, Fraire challenges the Court's imposition of a seventy-seven-month sentence on the grounds that the Court abused its discretion in determining that the factors set forth in § 3553(a) did not support a downward departure from the Sentencing Guidelines range.

According to § 3553(b), a sentencing judge should generally impose a sentence within the Sentencing Guidelines range after taking into account the defendant's offense conduct and criminal record.

---

[28]    *Fraire-Gonzalez*, 253 F.App'x 422 at **1 (citing *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007), *cert. denied*, *Pineda-Arrellano v. United States*, 552 U.S. 1103 (2008)).

[29]    *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions.").

> Section 3553 . . . specifies several factors for sentencing judges to follow in determining a sentence. One of the factors is the applicable provisions of the Guidelines. Subsection 3553(b)(1) generally requires the sentencing judge to impose a sentence within the range as calculated by the Guidelines, taking into account the facts of the defendant's offense conduct and the defendant's criminal record. The sentencing judge is permitted to select a sentence above or below the Guideline range only if the judge finds circumstances "not adequately taken into consideration by the Sentencing Commission."[30]

Fraire's counsel sought a downward adjustment to his sentence because, according to Fraire, severe flooding in Juarez, Chihuahua, caused him to illegally reenter the United States.[31] The Court found this argument unpersuasive, and, "based on the information available to me, the circumstances of this case, and your particular circumstances, in keeping with the goals of the Sentencing Guidelines, and the factors of 3553(a)," sentenced Fraire to seventy-seven months in prison.[32]

When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if a movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors.[33] Alternatively, procedurally defaulted claims can be considered for the first

---

[30]    *United States v. Mares*, 402 F.3d 511, 517 (5th Cir. 2005) (quoting 18 U.S.C. § 3553(b)(1)).

[31]    Gov't's Resp. to Mot. to Vacate Ex. H, pp. 3-6 (Sentencing Tr.) [Docket No. 37].

[32]    *Id*. Ex. H, p. 7.

[33]    *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *Gaudet*, 81 F.3d at 589.

time in a § 2255 proceeding if the movant can show that he is actually innocent.[34]  However,

"[n]onconstitutional claims that could have been raised on direct appeal, but were not, may not

be asserted in a collateral proceeding."[35]  Where, as here, a movant alleges a court erroneously

applied the Sentencing Guidelines or failed to consider the § 3553(a) sentencing factors, he does

not assert a constitutional or jurisdictional claim of error; he asserts an error in the application of

statutory law.[36]  Such a claim is not cognizable under the limited scope of § 2255 because it is

not of constitutional dimension and it could have been raised on direct appeal.  Accordingly, the

Court will dismiss this claim as procedurally barred without further consideration of its merits.

### C.    Ineffective Assistance of Counsel

Finally, Fraire asserts his counsel provided ineffective assistance due to the cumulative

effect of failing to (1) object to the sixteen-level enhancement, (2) raise an effective argument

based on his inability to receive a downward adjustment under a "fast track" program, or (3)

obtain a variance under § 3553.  According to Fraire:

> No reasonably competent counsel, in light of a sixteen (16)-point
> enhancement would have failed to object. . . . Additionally, counsel's failure
> at sentencing to raise a cogent and affirmative argument regarding 'disparity'
> of sentencing in light of petitioner's inability to receive a "fast track"
> sentence irreparably harmed petitioner. . . . Finally, and perhaps most

---

[34]     See Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant
has procedurally defaulted a claim by failing to raise it on direct review, the
claim may be raised in habeas only if the defendant can first demonstrate either
'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'") (quoting
Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)).

[35]     United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citing United
States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981)).

[36]     Grant v. United States, 72 F.3d 503, 505-6 (6th Cir. 1992); Vaughn, 955 F.2d at
368; United States v. Payne, 99 F.3d 1273, 1281 (5th Cir.1996).

egregiously, counsel's failure to properly raise . . . the tenets of § 3553(a) [irrevocably prejudiced his cause].[37]

The presentence report explained that Fraire had a prior conviction for possession of a controlled substance in violation of California Health and Safety Code § 11351.[38]  A § 11351 violation is considered a "drug trafficking offense" for the purposes of Sentencing Guideline § 2L1.2(b)(1)(A)(i).[39]  According to § 2L1.2(b)(1)(A)(i), a Court may enhance the base offense level by sixteen levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months[.]"[40]  In this case, the Court was satisfied that the documentation supporting the California conviction met the standard of proof required.  The Court accordingly determined under the advisory Sentencing Guidelines that Fraire had a total offense level of twenty, a criminal history category of VI, and an imprisonment range of seventy-seven to ninety-six months.[41]  Moreover, as Fraire's trial counsel explained, the Court could have used a second conviction enhance Fraire's sentence by sixteen levels.

_____

[37]     Pet'r's Mot. to Vacate 37 [Docket No. 34].

[38]     Gov't's Resp. to Mot. to Vacate Ex. F, p. 3 (Presentence Investigation Report); Ex. J (Abstract of Judgment, *State v. Gonzalez Fraire*, CR133129 (Cal. Super. Ct. San Diego County May 12, 1995)) [Docket No. 37].

[39]     *United States v. Palacios-Quinonez*, 431 F.3d 471, 473-76 (5th Cir. 2005); *see also United States v. Gutierrez-Cruz*, 265 F.App'x 561, 561-62 (9th Cir. 2008) (unpublished) ("The district court also did not err in imposing a 16-level sentence enhancement, pursuant to U.S.S.G. [United States Sentencing Guideline] § 2L1.2(b)(1)(A)(i), based on its finding that Gutierrez-Cruz's prior conviction under California Health and Safety Code § 11351 categorically qualified as a drug trafficking offense.").

[40]     U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(i) (2006).

[41]     Gov't's Resp. to Mot. to Vacate Ex. E, pp. 7-8 (Sentencing Tr.) [Docket No. 37].

> There was also the second conviction that could have been used to enhance his sentence as to a crime of violence: Voluntary Manslaughter.  I believed that even if we prevailed with the categorical approach with the Possession for Sale conviction, the government would surely use the Voluntary Manslaughter conviction.[42]

Under these circumstances, trial counsel's objection to a sixteen-level enhancement would have been unavailing.  The failure of trial counsel to urge a futile objection does not "prejudice" a defendant because there is no reasonable probability of a different outcome.[43]  Accordingly Fraire is not entitled to relief on this claim.

The Fifth Circuit has rejected Fraire's "fast-track" argument, holding that "any disparity in sentencing between fast-track and non-fast-track jurisdictions is a function of Congressional policy and thus is not 'unwarranted' under § 3553(a)(6)."[44]  "Congress gave the Attorney General the discretion to establish programs where he thinks they are needed."[45]  Further, there is no equal protection violation "because the fast-track program does not implicate either a suspect class or a fundamental right."[46]  Accordingly, counsel's failure to make the argument was reasonable, considering all the circumstances at the time of counsel's conduct, and Fraire is not entitled to relief on this claim.

---

[42]    *Id.* Ex. I (Aff. Of Rebecca R. Reyes).

[43]    *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

[44]    *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 (5th Cir. 2008).

[45]    *United States v. Gomez-Herrera*, 523 F.3d 554, 560 (5th Cir. 2008).

[46]    *Lopez-Valasquez*, 526 F.3d at 808.

Finally, Fraire's counsel sought a variance under § 3553.  She asserted flooding conditions in Juarez, Chihuahua, caused Fraire to illegally reenter the United States.  As noted above, in order to obtain § 2255 relief on an ineffective assistance of counsel claim, a movant must affirmatively prove his counsel's deficient performance prejudiced his defense.[47]  In the case of ineffective assistance at sentencing, a movant must establish prejudice only by demonstrating his attorney's deficient performance contributed to an increase in his sentence.[48]  In other words, a movant must show a reasonable probability that, but for his counsel's deficiencies, his sentence would have been less harsh.[49]  The prejudice prong "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."[50]  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.[51]  A movant cannot satisfy the prejudice prong with mere speculation and conjecture.[52]  Conclusory allegations are insufficient to obtain § 2255 relief.[53]  Here, Fraire cannot show his attorney's performance contributed to an increase in his sentence.

---

[47]   *Strickland*, 466 U.S. at 687.

[48]   *Glover v. United States*, 531 U.S. 198, 200 (2001).

[49]   *Id*.

[50]   *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted).

[51]   *Strickland*, 466 U.S. at 695-96.

[52]   *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

[53]   *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").


Accordingly, after considering the record, the Court finds he is not entitled to relief on this claim.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[54]  The record in this case is adequate to dispose fully and fairly of Fraire's claims.  The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[55]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[56]  In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[57]

---

[54]     *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[55]     28 U.S.C.A. § 2253(c)(1)(B) (West 2010).

[56]     *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[57]     *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 & 431 n.1 (5th Cir. 1998) (explaining that the Fifth Circuit may address an issue not certified by the district court if the movant makes (1) an explicit request and (2) a substantial showing of the denial of a constitutional right).

Although Fraire has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[58]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[59]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[60]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[61]  Here, Fraire's motion to vacate fails because he has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court finds it should deny Fraire a certificate of appealability.

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes that it should deny Fraire's motion and

---

[58]     *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2010) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that it is appropriate for a district court to address *sua sponte* the issue of whether it should grant or deny a certificate of appealability, even before one is requested).

[59]     28 U.S.C.A. § 2253(c)(2).

[60]     *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[61]     *Slack*, 529 U.S. at 484.

-15-

dismiss his civil cause.  The Court further concludes that Fraire is not entitled to a certificate of appealability.  Accordingly, the Court enters the following orders:

1.   Movant Amador Fraire-Gonzalez's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [Docket No. 34] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

2.   Movant Amador Fraire-Gonzalez is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

3.   All pending motions in this cause, if any, are **DENIED AS MOOT.**

_____**SO ORDERED**.

**SIGNED** on this **6th  day of October, 2010.**

_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

-16-